UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BAOQUAN TIAN individually and on behalf of all other
Employees similarly situated,

                              Plaintiff,                                **ORDER**
                                                                                      18-CV-5976 (JS) (ARL)
    -against-

NAIL TEK & SPA, INC. doing business as Nail Tek & Spa,
LISA DOE, SUSAN doe, JANE doe 31-10,

                              Defendants.
---------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       On October 25, 2018, the plaintiff, Baoquan Tian ("Tian"), commenced this action against the Nail Tek & Spa, Inc. d/b/a Nail Tek & Spa, Lisa Doe, Susan Doe and Jane Doe #1-10 (collectively "the defendants"), alleging that the defendants had violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law. The defendants filed their answer on November 20, 2018, denying all allegations. Shortly thereafter, the undersigned issued an FLSA Initial Discovery and Mediation Order. Pursuant to that Order, the parties were directed to follow a discovery protocol that included the exchange of payroll documents and other documents related to the alleged unpaid wages. ECF No. 9. The Order also directed counsel to meet and confer, in person, following the exchange of certain discovery, in a good-faith effort to settle the case. The Court indicated in that Order that if the parties were unable to settle the matter on their own, the parties would be required to participate in mediation.

       According to a status letter submitted by the parties on February 21, 2019, the parties did engage in an in-person conference but were unable to reach a settlement. That same day, Tian filed a motion to certify the collective action. That motion remains *sub judice*. However, on March 5, 2019, pursuant to its Order and over the parties' objection, the Court referred the case to mediation.

       On May 6, 2019, Nancy Kramer was selected as a mediator and the first mediation session was conducted on June 5, 2019. Although a settlement was not reached, the undersigned has been advised the parties are continuing to engage in settlement discussions. Accordingly, the Court will not address the plaintiff's motion at this time. The motion is deemed temporarily denied with leave to reinstate, if necessary, following the mediation. The parties will not be required to refile papers. The motion will be reactivated upon written notice

from the parties that the case has not settled.

Dated: Central Islip, New York  
      July 10, 2019

SO ORDERED:

_____/s_____  
ARLENE R. LINDSAY  
United States Magistrate Judge